UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAV, LLC, et al.,

Plaintiffs,

v. Case No. 8:26-cv-1632-VMC-AAS

WOODLEAF HAMMOCK TOWNHOMES
ASSOCIATION, INC., et al.,

Defendants.
_______________________________/

**ORDER**

This matter is before the Court on consideration of four Motions: (1) Defendants Woodleaf Hammock Homeowners' Association, Inc., Kelly Dressler, and Christine Lynn Pedicone's Motion to Dismiss for Failure to State a Claim (Doc. # 33), filed on July 20, 2026; (2) Defendant Tenant Evaluation, LLC's Motion to Dismiss Plaintiffs' Complaint (Doc. # 38), filed on August 13, 2026; (3) Defendants Goede, DeBoest & Cross, PLLC and Lee-Ann Bosch's Motion to Dismiss Plaintiffs' Complaint (Doc. # 39), filed on August 14, 2026; and (4) Defendants Gulf Coast Management, LLC, Tyler Earl Moon, Tierra Mooney, Marc Saffren, Mark Joseph Uberti, and Woodleaf Hammock Townhomes Association, Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. # 47), filed on August 21, 2026. Plaintiffs responded in opposition to the

first of these Motions on July 27, 2026, and to the latter three on August 27, 2026, August 26, 2026, and September 8, 2026, respectively. (Doc. ## 35, 54, 55, 62). For the reasons that follow, the Motions are granted.

## I. Background

Plaintiffs own and manage residential property located within the Woodleaf Hammock subdivision. (Doc. # 2-1). They initiated this case on June 2, 2026, asserting claims against thirteen separate Defendants. (Id.).

The complaint contains causes of action against all Defendants for violations of the Fair Housing Act (Counts I through III), analogous claims arising under the Florida Fair Housing Act (Counts VIII[1] and XVII), and violations of 42 U.S.C. §§ 1981 and 1982 (Counts IV and V). (Id.). Plaintiffs also bring claims arising from Florida's Homeowners' Association Act (Count VI and VII), as well as Florida common law (Counts IX through XVI). (Id.). Finally, Plaintiffs seek a declaratory judgment that the challenged "Rental Restrictions and associated policies and practices are

[1] Plaintiffs appear to mistakenly refer to "Section 760.230(1) and (2)," rather than to Sections 760.23(1)-(2) of the Florida Fair Housing Act. See (Id.).

unenforceable against Plaintiff and its current and prospective tenants" (Count XVIII). (Id. at 34).

Defendants move to dismiss the complaint as a shotgun pleading and for failure to state a claim. (Doc. ## 33, 38, 39, 47). Plaintiffs have responded (Doc. ## 35, 54, 55, 62), and the Motions are ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Hum. Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true

a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004), abrogated on other grounds by Twombly, 550 U.S. 544.

**III. Analysis**

Defendants raise multiple arguments in support of their Motions, but the Court need only address one — that Plaintiffs' complaint is an impermissible shotgun pleading and, thus, fails to state a claim upon which relief may be granted. (Doc. ## 33 at 5-7, 38 at 4-6, 39 at 4-7, 47 at 2-3).

Complaints that violate either Rule 8 or Rule 10, or both, are often referred to as "shotgun pleadings." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four types or categories of shotgun pleadings.

> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of

> re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Id. at 1321–23. Upon careful review, Plaintiffs' complaint falls into the fourth category of shotgun pleadings.

Here, there are thirteen individual Defendants.[2] Yet many of the Counts alleged in Plaintiffs' complaint fail to "specify[] which of the defendants are responsible for which acts or omissions." Id. These Counts indicate that the stated claims are brought against all Defendants and then generally allege that all Defendants committed each of the wrongs contained therein. (Doc. # 2-1). For example, Count One

[2] Defendants include homeowners' associations, representatives of those associations, management companies, a law firm, outside counsel, and a tenant-screening company. Plaintiffs' complaint rarely articulates the role that each Defendant played in the challenged conduct, such as which Defendants voted to support certain enforcement decisions, or which Defendants were aware of the race or protected status of certain lease applicants.

alleges "Defendants made dwellings unavailable or otherwise denied or curtailed the availability of dwellings because of tenants' familial status, sex, race, color, national origin, or other protected characteristics, by adopting and enforcing the Rental Restrictions and related practices that target, burden, or exclude single mothers, black tenants, and other protected class tenants disproportionately effecting members of a protected class." (Id. at 21). Count Three alleges "Defendants coerced, intimidated, threatened, or interfered with Plaintiff and its tenants in the exercise or enjoyment of rights granted by the Fair Housing Act, a protected activity, including by obstructing leasing, threatening enforcement, and targeting protected tenants." (Id. at 23). This pleading is improper because Plaintiffs have lumped Defendants together but make it unclear what role each Defendant played. (Id. at 21, 23).

This lumping together deprives Defendants of notice of the specific allegations applicable to each Defendant. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (describing as the "quintessential 'shotgun' pleading" a complaint that "name[d] fourteen defendants" and was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants

charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of"); Kidwell v. Wagoner, No. 2:09-cv-108-CEH-DNF, 2010 WL 11507301, at *3 (M.D. Fla. Sep. 10, 2010), on reconsideration in part, No. 2:09-cv-108-CEH-DNF, 2010 WL 11507302 (M.D. Fla. Dec. 28, 2010) (finding a shotgun complaint when the "amended complaint name[d] fourteen separate defendants" and contained "allegations that 'the defendants' . . . engaged in certain conduct, making no distinction among the defendants").

Without more detail about what each Defendant is alleged to have done that violated the law, the complaint commits the cardinal sin of shotgun pleadings — it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." See Weiland, 792 F.3d at 1323; see also Fed. Deposit Ins. Corp. v. Portnoy, No. 8:13-cv-1124-JDW-MAP, 2013 WL 12157160, at *1 (M.D. Fla. Aug. 9, 2013) ("[B]y lumping Defendants together into multiple claims, yet failing to differentiate the allegations applicable to each Defendant, the Complaint fails to place Defendants on fair notice of the claims against them.").

"When confronted with a shotgun complaint, the Court must dismiss the complaint in its entirety against all

Defendants." Hopps v. City of Tampa, No. 8:24-cv-2806-VMC-AEP, 2025 WL 1222314, at *3 (M.D. Fla. Apr. 28, 2025) (citations omitted); see also Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357 (11th Cir. 2018) ("[A] District Court retains authority to dismiss a shotgun pleading on that basis alone."). Thus, the Court dismisses the complaint as it is pled against all Defendants without prejudice.

Because the complaint is dismissed without prejudice as a shotgun complaint, the Court need not address Defendants' merits arguments at this time. See Curfman v. Ocwen Fin. Servicing, LLC, No. 19-cv-80408, 2019 WL 13089701, at *2 (S.D. Fla. Sep. 10, 2019) ("Defendants make other arguments regarding why the Complaint should be dismissed and those arguments may be well-founded; however, I need not reach the merits of these issues as raised because I find that the Complaint should be dismissed as an impermissible shotgun pleading.").

The Court grants Plaintiffs leave to file an amended complaint that corrects these deficiencies. Plaintiffs are instructed to "clearly and precisely" identify which Defendants took each of the actions giving rise to each of Plaintiffs' claims, and to avoid all other hallmarks of shotgun pleading. See Anderson v. Dist. Bd. of Trs. of Cent.

Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996); Weiland, 792 F.3d at 1320-23. Likewise, in drafting the amended complaint, the Court urges Plaintiffs to consider Defendants' other arguments, including those about standing and the heightened pleading standard for allegations of fraud.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendants Woodleaf Hammock Homeowners' Association, Inc., Kelly Dressler, and Christine Lynn Pedicone's Motion to Dismiss for Failure to State a Claim (Doc. # 33) is **GRANTED**.

(2) Defendant Tenant Evaluation, LLC's Motion to Dismiss Plaintiffs' Complaint (Doc. # 38) is **GRANTED**.

(3) Defendants Goede, DeBoest & Cross, PLLC and Lee-Ann Bosch's Motion to Dismiss Plaintiffs' Complaint (Doc. # 39) is **GRANTED**.

(4) Defendants Gulf Coast Management, LLC, Tyler Earl Moon, Tierra Mooney, Marc Saffren, Mark Joseph Uberti, and Woodleaf Hammock Townhomes Association, Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. # 47) is **GRANTED**.

(5) Plaintiffs' Complaint (Doc. # 2-1) is **DISMISSED** without prejudice with leave to amend.

(6) Plaintiffs must file their amended complaint by **September 24, 2026.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of September, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE